**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**TACOMA DIVISION**

| | |
|---|---|
| NORBERT SCHLECHT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF VETERANS AFFAIRS; UNITED STATES DEPARTMENT OF DEFENSE; and the ARMED FORCES RETIREMENT HOME,<br><br>Defendants. | No.<br><br>**COMPLAINT FOR DISCLOSURE OF RECORDS PURSUANT TO FOIA** |

Comes now the above named Plaintiff and for his Complaint for causes of action against the above named Defendants, United States Department of Veterans Affairs, United States Department of Defense, and Armed Forces Retirement Home, alleges as follows:

## I. PARTIES

### A. Plaintiff

1. Plaintiff, Norbert Schlecht, an individual, is a resident of Clark County, Washington.

2. The Freedom of Information Act ("FOIA") requests at issue were made by Mr. Schlecht.

ALLIED LAW GROUP
2200 Sixth Avenue, Suite770
Seattle, WA 98121
(206) 443-0200 (Phone)
(206) 428-7169 (Fax)

**B. Defendants**

3. Defendants, Department of Veterans Affairs, Department of Defense, and the Armed Forces Retirement Home, are "agencies" as defined in 5 U.S.C. §552(f)(1).

4. Defendants are subject to the Freedom of Information Act, 5 U.S.C. §552.

## II. VENUE AND JURISDICTION

3. This Court has jurisdiction pursuant to 5 U.S.C. §552(a)(4)(B).

4. Venue is appropriate in this Court pursuant to 5 U.S.C. §552(a)(4)(B).

## III. FACTS

**A. Background**

5. Norbert Schlecht's father, Ernst, is a veteran who was housed in the Gulfport, Mississippi Armed Forces Retirement Home ("AFRH") beginning on or about August of 2000.

6. Ernst Schlecht passed away on March 12, 2009.

7. Ernst Schlecht exhibited signs of dementia during his tenure at AFRH.

8. In 2005, several months prior to Hurricane Katrina, Ernst Schlecht was moved from the AFRH facility in Gulfport, MS, to the AFRH facility in Washington, D.C.

9. Norbert Schlecht has made several requests for records directed to AFRH, under the DOD, and the Department of Veterans Affairs pursuant to FOIA following his father's death in an attempt to obtain information regarding his father's time at AFRH facilities and his mental condition.

10. His requests have been repeatedly denied, ignored, or partially responded to at best.

11. For example, Mr. Schlecht has obtained medical records concerning his father from other agencies covering the same time period that he was housed at AFRH that AFRH has

ALLIED LAW GROUP
2200 Sixth Avenue, Suite770
Seattle, WA 98121
(206) 443-0200 (Phone)
(206) 428-7169 (Fax)

not provided.

12. One of the records obtained from the VA, and not released by DOD or AFRH, describes an incident and subsequent treatment of Ernst Schlecht when he was found injured and wandering on the highway in January of 2005.

13. The record states:

> Please see ICD flowsheet for complete, physical assessment, treatments, and VS. Pt in bed with side rails up, call bell in reach, bed in lowest position, bed alarm on. EUD and diaper placed on arrival, PIV HL, VSS. Pt has multiple abrasions/scratched to bilateral lower extremities, and multiple bruises to upper arms and upper right thigh. Report given that patient found wandering on HWY 90, however unsure where he obtained abrasions or bruises. Pt with blank stare at staff or at ceiling, responds only occasionally to very simple questions if asked repeatedly and then sometimes does not respond at all. Follows very simple commands.

14. AFRH has not provided Norbert Schlecht with records with which he is able to ascertain his father's mental capacity at various points in time.

15. AFRH would have needed to maintain such records in order to determine the level of care and monitoring to provide Ernst Schlecht during his residence at AFRH facilities.

16. Because the records provided by AFRH do not contain important information, including medical records, regarding his father, and because his appeals to the agencies in question have been ignored or improperly denied, Mr. Schlecht was forced to file this lawsuit.

**B. Freedom of Information Act Requests**

**1. May 5, 2011, Veterans Administration Request**

17. On May 5, 2011, Norbert Schlecht made a request for records pursuant to the FOIA, to Veterans Affairs Pittsburg Regional Office (#311) for "copies of following records pertaining to my father Ernst Schlecht, deceased 3/12/2009...a former resident of the Armed Forces Retirement home. Please provide and/all records under your jurisdiction (station #311) to

ALLIED LAW GROUP
2200 Sixth Avenue, Suite770
Seattle, WA 98121
(206) 443-0200 (Phone)
(206) 428-7169 (Fax)

include all records transferred from/to other stations."

18. Mr. Schlecht requested a fee waiver, but stated he was willing to pay the fees for the request without limit.

19. Mr. Schlecht initially received no response from the Department of Veterans Affairs aside from a postcard acknowledging receipt of the request with "re: Ernst Schlecht" handwritten across the top.

20. Therefore, Mr. Schlecht followed up with the Department of Veterans Affairs on June 13, 2011, via email to jack.hudson@va.gov, stating "Dear Sir, I'm just following up on a FOIA request I submitted on 5/5/2011. I did not receive a FOIA reference number, just a postcard dated 5/12/11 RE: Ernst Schlecht. Do you need more time to respond?"

21. Mr. Schlecht heard nothing in response.

22. Therefore, on June 15, 2011, Mr. Schlecht appealed the failure to respond via letter to the VA Pittsburg Regional Office.

23. The Appeal stated in part:

> My request was not assigned a FOIA reference number. All I received was a post card postmarked 5/12/11 acknowledging my FOIA request (RE: Ernst Schlecht) signed by an unnamed "FOIA-Privacy Act Officer". On 6/13/11 I attempted to follow up (telephone and email), perhaps your agency required more time. As of this date I have hot received a response.
>
> I am undertaking an appeal due to your agency's failure to issue a determination within the statutory 20-day time deadline. Please note that your agency never informed me to whom or by when an appeal must be filed.
>
> The documents that are being withheld must be disclosed under the FOIA since there is no reason to withhold (exemption)that applies in this case.

24. On June 16, 2011, Mr. Schlecht received an email from Michelle Robinson, Privacy & FOIA Officer, Congressional Liaison, Pittsburg VA Regional Office 311.

25. Ms. Robinson informed Mr. Schlecht that the office had received the request and

ALLIED LAW GROUP
2200 Sixth Avenue, Suite770
Seattle, WA 98121
(206) 443-0200 (Phone)
(206) 428-7169 (Fax)

that requests are processed in the order received. She went on to state that "Once your request has been completed you will receive a notification in the mail. We do have a huge backlog of requests and will process your request as soon as possible."

26. Mr. Schlecht also received a letter of June 15, 2011, requesting that he provide evidence indicating that he is next of kin, as well as informing him that records pertaining to his father were in the "Federal Archives Record Center in St. Louis, MO."

27. On June 18, 2011, Mr. Schlecht mailed copies of his birth certificate and his father's death certificate, along with a copy of his original May 5, 2011, request, reiterating that it was only pertaining to "records under your jurisdiction ([VA] station #311) to include all records transferred to/from other stations."

28. Having heard nothing further, Mr. Schlecht followed up again on August 15, 2011, via email to Michelle Robinson, reminding her of his May 5, 2011, request and stating "Can you please give me an update as to my request?"

29. Along with a cover letter dated October 6, 2011, Mr. Schlecht received records pertaining to his father; however, the records provided pertained solely to Ernst Schlecht's active military service, rather than his status as a veteran and were therefore not the records Mr. Schlecht had requested.

30. After receiving these records Mr. Schlecht again appealed, via email dated October 11, 2011, stating in part:

> I subsequently received a package of documents sent 10/6/2011 from the National Personnel Records Center. The documents relate to my father's active military service (1940's through 1970's).
>
> I am undertaking an appeal due to your agency's failure to release the requested records to me. The records I requested pertain to my father's status as a veteran. The records I received pertain to my father's status as an active member of the military.

ALLIED LAW GROUP
2200 Sixth Avenue, Suite770
Seattle, WA 98121
(206) 443-0200 (Phone)
(206) 428-7169 (Fax)

31. As of the date of filing of this complaint, Mr. Schlecht has received no further correspondence from the Department of Veterans Affairs concerning his May 5, 2011, FOIA request.

32. As of the date of filing of this complaint, Mr. Schlecht has not received the records he requested that pertain to his father's status as a veteran.

**2. June 10, 2011, AFRH Request**

33. On June 10, 2011, Norbert Schlecht made a request for records pursuant to the FOIA, requesting the following documents pertaining to his father, Ernst Schlecht, aside from item J, which pertains to ARFH generally:

A. Any and all medical records (physical and mental) while Ernst stayed at the Gulfport AFRH (on or about August 2000 through on or about February2005).

B. Any and all records (inventory etc.) documenting Ernst's personal belongings leftbehind at the Gulfport AFRH during his stay at the D.C. AFRH (on or about February 2005 and later).

C. Any and all records (inventory etc.) documenting Ernst's personal belongings during his stay at the D.C. AFRH (on or about February2005and later).

D. Any and all records documenting me (Norbert Schlecht) as Ernst's next of kin while Ernst stayed at the Gulfport AFRH (on or about August 2000 through on or about February 2005).

E. Any and all records documenting "notification of next of kin" due to Ernst being placed under the conservatorship of William Schlecht (on or about 11/18/2003).

F. Any and all records documenting "notification of next of kin" concerning Ernst's move from the Gulfport AFRH to the D.C. AFRH (on or about February 2005).

G. Any and all records documenting "notification of next of kin" concerning Ernst's death (3/12/2009).

H. info only – this item not used.

I. Any and all financial records. To include any and all financial records pertaining to foreign (non U.S.) banks and other financial entities. To include all financial records pertaining to VR-Bank, Bad Hersfeld, Germany (for example account number xxxxxx4008).

ALLIED LAW GROUP
2200 Sixth Avenue, Suite770
Seattle, WA 98121
(206) 443-0200 (Phone)
(206) 428-7169 (Fax)

J. Any/all records pertaining to "record retention" of records pertaining to residents of the Armed Forces Retirement Home, whether such be manuals, regulations, instructions, memos or others. (Restated in plain English: documents showing how long records of AFRH residents are kept by AFRH.)

I am also restating following from a 3/3/10 letter to AFRH: "Please note that a proper FOIA response requires that if requested documents are not released then specific reasons why they cannot be released and an opportunity to appeal must be provided." As to "specific reasons", such must fit a specific "exemption" as defined by federal law."

34. On July 7, 2011, Donald Dailey of AFRH responded to Mr. Schlecht's request as follows:

A. Any and all medical records (physical and mental) while Ernst stayed at the Gulfport AFRH-G (August 2000 through February2005) – **Answer** – no responsive records exists as medical/mental health records at AFRH-G were lost due to the catastrophic disaster at the facility called Hurricane Katrina.

B. Any and all records documenting Ernst's personal belongings left behind at AFRH-G (on or about February 2005 and later) – **Answer** – no responsive records exists as AFRH does not inventory personal belongings of its Residents.

C. Any and all records documenting Ernst's personal belongings during his stay at AFRH-W (February 2005 and later) – **Answer** – no responsive records exists as AFRH does not inventory personal belongings of its Residents.

D. Any and all records documenting Norbert Schlecht as next of kin while Ernst stayed at Gulfport AFRH (on or about August 2000 through on or about February 2005) – **Answer** – see attachment.

E. Any and all records documenting "notification of next of kin" due to Ernst being placed under the conservatorship of William Schlecht (on or about 11/18/2003) – **Answer** – see attachment.

F. Any and all records documenting "notification of next of kin" concerning Ernst's move from the Gulfport AFRH to the D.C. AFRH (on or about February 2005) – **Answer** – no responsive record exists.

G. Any and all records documenting "notification of next of kin" concerning Ernst's death (3/12/2009) – **Answer** – see attachment.

I. Any/all financial records pertaining to foreign banks and other non-US entities, including VR-Bank, Bad Hersfeld, Germany – **Answer** – no responsive records exists.

ALLIED LAW GROUP
2200 Sixth Avenue, Suite770
Seattle, WA 98121
(206) 443-0200 (Phone)
(206) 428-7169 (Fax)

J. Any/all records pertaining to 'record retention' of records pertaining to residents of the Armed Forces Retirement Homes i.e. manuals, regulations, instructions, memos or others. – **Answer** – see attachment.

35. Of note with regard to the response to part A, stating that any records were destroyed during Hurricane Katrina, is the fact that Hurricane Katrina occurred several months after Ernst Schlecht was transferred from the AFRH facility in Gulfport, MS, to the facility in Washington D.C.

36. Ernst Schlecht's medical records would have been important to his care at the Washington D.C. AFRH facility.

37. Ernst Schlecht's medical records would have been transferred to Washington D.C., either physically or electronically, well in advance of Hurricane Katrina.

38. Upon information and belief, AFRH possesses additional records that it has failed to account for or produce that are responsive to Mr. Schlecht's FOIA requests.

39. Therefore, AFRH has withheld records from Mr. Schlecht in violation of the FOIA.

40. On July 18, 2011, Norbert Schlecht sent a letter appealing AFRH's July 7, 2011, response to his request.

41. In the July 18, 2011, letter, Mr. Schlecht explained in great detail his disagreement with the AFRH determinations regarding his requests and AFRH's failure to locate specific records pertaining to his father.

42. Via letter dated August 11, 2011, Mr. Schlecht's appeal was rejected. Steven G. McManus, Acting Chief Operating Officer, AFRH, responded stating:

> In accordance with 5 U.S.C. 552 and DoD Regulation 5400.7, DoD Freedom of Information Act Program (24 June 2002) and my legal office's guidance, I regret to inform you that your appeal of the decision to release information to you must



ALLIED LAW GROUP
2200 Sixth Avenue, Suite770
Seattle, WA 98121
(206) 443-0200 (Phone)
(206) 428-7169 (Fax)

> be denied. Mr. Donald Dailey, our Agency's FOIA Monitor, responded to you on 5 July 2011.

43. Because Mr. Schlecht's appeal was rejected without providing any additional records, AFRH continues to withhold records responsive to Mr. Schlecht's requests in violation of the FOIA.

**3. July 15, 2011, AFRH Request**

44. On July 15, 2011, Norbert Schlecht submitted a FOIA request for records pertaining to his father, Ernst, to Armed Forces Retirement Home #1303:

> Any and all medical records (physical and mental) while Ernst stayed at the Washington, DC AFRH (on or about February 2005 through on or about March 2009). Please include any and all medical records (physical and mental) pertaining to the transfer of Ernst from Gulfport, MS to Washington, D.C. and any postmortem examinations

45. Mr. Schlecht received no response from the AFRH for 20 business days following his request.

46. Via letter dated August 17, 2011, Mr. Schlecht appealed AFRH's failure to respond to his request within the time period required by FOIA.

47. AFRH has not responded to Mr. Schlecht's August 17, 2011, appeal.

48. AFRH failed to respond to Mr. Schlecht's appeal within the time period required by FOIA.

49. Upon information and belief, AFRH possesses records responsive to Mr. Schlecht's July 15, 2011, FOIA request.

50. Therefore, AFRH has withheld records from Mr. Schlecht in violation of the FOIA.

**C. Exhaustion of administrative remedies.**

51. As stated above, Defendants have failed to respond to Mr. Schlecht's appeals

ALLIED LAW GROUP
2200 Sixth Avenue, Suite770
Seattle, WA 98121
(206) 443-0200 (Phone)
(206) 428-7169 (Fax)

within the statutorily mandated 20 day time frame, or have flatly denied his appeals.

52. Mr. Schlecht has therefore exhausted his administrative remedies as Defendants have failed to respond to his appeal within the applicable time frame. 5 U.S.C. §552 (a)(6)(C)(i) ("Any person making a request to any agency for records under paragraph (1), (2), or (3) of this subsection shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph.")

**D. Defendants Withheld Responsive Records.**

53. It is a violation of FOIA for an agency to withhold non-exempt records that are responsive to a request properly made pursuant to FOIA.

54. The Department of Veterans Affairs has not provided any records pertaining to Ernst Schlecht's veteran status as was requested by Norbert Schlecht.

55. Upon information and belief the Department of Veterans Affairs, specifically regional office #311, possesses records pertaining to Ernst Schlecht's status as a veteran and has failed to produce those records.

56. The Department of Veterans Affairs has therefore improperly withheld records responsive to Norbert Schlecht's FOIA request.

57. Upon information and belief, AFRH has not provided records in its possession pertaining to Ernst Schlecht's medical records from the Gulfport or Washington D.C. facilities.

58. Upon information and belief, AFRH has not provided records in its possession pertaining to Ernst Schlecht's personal belongings.

59. Upon information and belief, AFRH has not provided records in its possession pertaining to Ernst Schlecht's financial records.

ALLIED LAW GROUP
2200 Sixth Avenue, Suite770
Seattle, WA 98121
(206) 443-0200 (Phone)
(206) 428-7169 (Fax)

60. Upon information and belief, AFRH has not provided records in its possession pertaining to Ernst Schlecht's retention of records.

61. AFRH has therefore improperly withheld records in violation of the FOIA.

## IV. CAUSES OF ACTION

62. Plaintiff realleges the preceding paragraphs and incorporates them by reference herein.

### A. Department of Veterans Affairs Violated the FOIA by failing to properly respond within the statutorily mandated 20 days for response and for appeal.

63. Upon receiving a request for records pursuant to FOIA, the agency to which the request was directed must

> determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor, and of the right of such person to appeal to the head of the agency any adverse determination

5 U.S.C. §552 (a)(6)(A)(i).

64. Agencies must also respond to an appeal of an agency's action in response to a FOIA request within 20 days (again excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal. **See** 5 U.S.C. §552 (a)(6)(A)(ii).

65. The Department of Veterans Affairs did not notify Norbert Schlecht of its determination of whether to comply with his May 5, 2011, request, the reasons therefor, or the right to appeal within 20 business days of the request, thereby violating the FOIA.

66. The Department of Veterans Affairs did not respond to Mr. Schlecht's June 15, 2011, appeal to the Department for failure to respond to his May 5, 2011, request within 20 days of receipt of his appeal, thereby violating the FOIA.

67. The Department of Veterans Affairs did not respond to Mr. Schlecht's October

ALLIED LAW GROUP
2200 Sixth Avenue, Suite770
Seattle, WA 98121
(206) 443-0200 (Phone)
(206) 428-7169 (Fax)

11, 2011, appeal to the Department for failure to respond to his May 5, 2011, request within 20 days of receipt of his appeal, thereby violating the FOIA.

**B. AFRH Violated the FOIA by failing to properly respond within the statutorily mandated 20 days for response and for appeal.**

68. Upon receiving a request for records pursuant to FOIA, the agency to which the request was directed must

> determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor, and of the right of such person to appeal to the head of the agency any adverse determination

5 U.S.C. §552 (a)(6)(A)(i).

69. Agencies must also respond to an appeal of an agency's action in response to a FOIA request within 20 days (again excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal. **See** 5 U.S.C. §552 (a)(6)(A)(ii).

70. AFRH did not acknowledge or respond to Mr. Schlecht's July 15, 2011, FOIA request within 20 business days.

71. AFRH still has not responded to Mr. Schlecht's July 15, 2011, FOIA request.

72. AFRH violated, and continues to violate, FOIA by failing to respond to Mr. Schlecht's July 15, 2011, FOIA request within 20 days.

73. AFRH did not acknowledge or respond to Mr. Schlecht's August 17, 2011, appeal within 20 business days.

74. AFRH still has not responded to Mr. Schlecht's August 17, 2011, appeal.

75. AFRH violated, and continues to violate, FOIA by failing to respond to Mr. Schlecht's August 17, 2011, appeal within 20 days.

ALLIED LAW GROUP
2200 Sixth Avenue, Suite770
Seattle, WA 98121
(206) 443-0200 (Phone)
(206) 428-7169 (Fax)

**C. Defendants Violated FOIA by failing to Produce Responsive Records.**

76. Failure to provide non-exempt records responsive to a request is a violation of the FOIA.

77. The Department of Veterans Affairs has not produced records regarding Ernst Schlecht's status as a veteran.

78. The Department of Veteran's Affairs has therefore failed to produce records responsive to Norbert Schlecht's request and has violated the FOIA as a result.

79. AFRH has failed to produce records responsive to Norbert Schlecht's June 10, 2011, request for records pertaining to Ernst Schlecht, specifically his medical records, records of his personal belongings, and financial records.

80. AFRH has additionally failed to provide records pertaining to records retention in response to Norbert Schlecht's June 10, 2011, request for records pertaining to AFRH records retention.

81. AFRH has failed to produce any records in response to Norbert Schlecht's July 15, 2011, records request.

82. AFRH has violated the FOIA by failing to produce these records.

**D. Mr. Schlecht is entitled to his reasonable attorney fees and costs incurred in bringing this action.**

83. Pursuant to 5 U.S.C. 552 (a)(4)(E)(i) "The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed."

84. Therefore, Mr. Schlecht requests his attorney fees and litigation costs incurred in bringing this action.

ALLIED LAW GROUP
2200 Sixth Avenue, Suite770
Seattle, WA 98121
(206) 443-0200 (Phone)
(206) 428-7169 (Fax)

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Norbert Schlecht prays for judgment against Defendants as follows:

A. Order that the records requested by Plaintiff Schlecht be provided promptly for inspection and copying. **See** 5 U.S.C. §552(a)(4)(B).

B. Order Defendants to produce an affidavit or *Vaughn* index for any records it may claim are exempt from disclosure.

C. Award Plaintiff Schlecht reasonable attorney's fees and costs incurred in connection with his action and efforts to obtain the records, as provided in 5 U.S.C. §552 (a)(4)(E)(i).

D. Order such as other relief as the Court deems just.

DATED this 7th day of February, 2012.

ALLIED LAW GROUP LLC
Attorneys for Plaintiff Norbert Schlecht

Greg Overstreet, WSBA # 26682
Chris Roslaniec, WSBA # 40568
2200 Sixth Avenue, Suite 770
Seattle, WA 98121
(206) 443-0200 (Phone)
(206) 428-7169 (Fax)
greg@alliedlawgroup.com
chris@alliedlawgroup.com